UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THERESA C. BREIDELL,
minor child N.F.B.,

      Plaintiff,

v.                                            Case No.: 8:12-cv-1762-T-33MAP

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant's motion to dismiss complaint or in the alternative motion for summary judgment (doc. 13). Plaintiff has failed to file a response in opposition.

Defendant claims that Plaintiff's suit is barred by the time limitation set forth in 42 U.S.C. § 405(g), which provides that judicial review of a final decision of the Commissioner of Social Security must be commenced within sixty days after mailing of notice of such decision. In this case, the Plaintiff received a binding decision from an attorney advisor on April 4, 2011. Per the Commissioner's regulations, a decision issued by an attorney advisor is binding unless a party requests a hearing, the Appeals Council reviews the decision on its own motion, or the decision is revised. 20 C.F.R. §404.942 (2012). The Plaintiff did not file a request for a hearing within the prescribed time period, the Appeals Council did not take

---

[1] Colvin became Acting Commissioner of Social Security on February 14, 2013, following Michael J. Astrue's resignation.

review on its own motion, and the decision was not revised. *See* Declaration of Patrick Herbst (exhibits 1-2). The dismissal of Plaintiff request for a hearing was in compliance with the Commissioner's regulations, which allow an ALJ to dismiss a claimant's request for a hearing when not requested within the stated time period. *See* 20 C.F.R. § 404.957(c)(3). Once an ALJ dismissed a request for a hearing, the claimant may ask the Appeals Council to review and vacate the dismissal order, but the Appeals Council will grant a request for review only where it finds the ALJ abused his discretion, an error of law, or findings or conclusions that are unsupported by substantial evidence, or a broad policy or procedural issue that may affect the general public interest. *See* 20 C.F.R. §§ 404.960, 404.970. In this case, the Appeals Council appropriately determined that there was no basis for granting the request for review. Since the Appeals Council did not vacate the dismissal, the dismissal is binding. *See* 20 C.F.R. §959.

The Commissioner's dismissal of Plaintiff's hearing request is not a final decision "made after a hearing" and thus is not subject to judicial review in accordance with the Social Security Act §§205(g) and (h), codified at 42 U.S.C. §§405(g) and (h). Hence, without a final decision after a hearing from the Commissioner subject to judicial review, the Plaintiff cannot establish subject matter jurisdiction. Accordingly, her Complaint is untimely.

*Conclusion*

For the reasons stated above, it is hereby **RECOMMENDED** that:

1. Defendant's motion to dismiss or in the alternative motion for summary judgment

(doc. 13) be GRANTED.

    2. The Clerk of Court be directed to close the file.

IT IS SO REPORTED at Tampa, Florida on March 14, 2013.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).